UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:  
Carlos F. Justo  
Ivette Justo  

Debtors.

Case No. 16-12368-JKO  
Chapter 13 Case

**SECURED CREDITOR, CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-18, OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Comes now the secured creditor, Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-18 ("Secured Creditor"), by and through its undersigned counsel, and hereby objects to confirmation of the Debtors' Chapter 13 Plan. In support of its Objection, Secured Creditor states as follows:

1. On August 29, 2006, Debtor, Carlos Justo executed a note, and Carlos Justo and Ivette Justo (collectively "Debtors") executed the mortgage to Encore Credit Corp., DBA ECC Credit Corporation of Florida, for real property located at 5058 SW 170th Ave., Miramar, FL (the "Property").

2. The interest in the subject note and mortgage encumbering the Property was thereafter transferred to Secured Creditor.

3. On August 17, 2015, Secured Creditor obtained a consent final judgment of foreclosure against Debtors. A copy of the consent final judgment of foreclosure is attached as Exhibit "A".

4. On March 8, 2016, Debtors filed a Chapter 13 Plan (the "Plan") with this Court. [D.E. 17].

5. The Plan proposes a MMM payment of $5,600.85 per month. However, this amount fails to adequately protect Secured Creditor because it does not provide the required 31% of Debtors' gross income less monthly payments to Riviera Isles Master Association, Inc. and Venezia Homeowners Association, Inc.

6. Moreover, the Plan fails to treat pre-petition arrears owed to Secured Creditor, and is based on a loan modification that may not occur.

**WHEREFORE**, Secured Creditor respectfully requests confirmation of the Debtors' Chapter 13 Plan be denied until such time as Debtors propose to pay 31% of their gross income less payments to the subject homeowners' associations as adequate protection to Secured Creditor, or treat the total arrearages due and owing.

Respectfully submitted:

/s/ Justin Plean
Justin D. Plean, Esq.
FBN 113887
Lender Legal Services, LLC
Attorney for Secured Creditor
201 E. Pine Street, Suite 730
Orlando, FL 32801
Phone: (407) 730-4644
Fax: (888) 337-3815
jplean@lenderlegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Objection to Chapter 13 Plan was either sent electronically or by U.S. mail, first-class postage pre-paid, to:

Carlos F Justo &
Ivette Justo
5058 SW 170th Avenue
Miramar, FL 33027-4922

Robert Sanchez, Esq
355 W 49 St.
Hialeah, FL 33012

Trustee
Robin R Weiner
POB 559007
Fort Lauderdale, FL 33355

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

on March 10, 2016.

                                          Respectfully submitted:

                                          /s/ Justin Plean
                                          Justin D. Plean, Esq.
                                          FBN 113887
                                          Lender Legal Services, LLC
                                          Attorney for Secured Creditor
                                          201 E. Pine Street, Suite 730
                                          Orlando, FL 32801
                                          Phone: (407) 730-4644
                                          Fax: (888) 337-3815
                                          jplean@lenderlegal.com



IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

Case No: CACE13021231

CHRISTIANA TRUST, A DIVISION OF
WILMINGTON SAVINGS FUND SOCIETY,
FSB, AS TRUSTEE FOR NORMANDY
MORTGAGE LOAN TRUST, SERIES 2013-18,

    Plaintiff,
vs.

CARLOS F. JUSTO; IVETTE JUSTO A/K/A
YVETTE JUSTO; VENEZIA HOMEOWNERS
ASSOCIATION, INC.; RIVIERA ISLES
MASTER ASSOCIATION, INC; UNITED
STATES OF AMERICA,

    Defendants.
_____/

## CONSENT FINAL JUDGMENT FOR FORECLOSURE

THIS ACTION was heard before the Court at Non-Jury Trial on **September 22, 2015**. The Court, based upon the state of the record at the time of the Trial, is therefore,

**ORDERED AND ADJUDGED** that:

1)     Consent Final Judgment for Foreclosure is **GRANTED**.

2)     This Court has jurisdiction over foreclosure cases pursuant to Florida Statutes. Service of process has been secured upon all Defendants.

3)     Plaintiff holds a lien for the total sum in this Final Judgment which is superior, prior and paramount to the right, title, interest, claims, liens, encumbrances and equities of the following Defendants: **CARLOS F. JUSTO; IVETTE JUSTO A/K/A YVETTE JUSTO; VENEZIA HOMEOWNERS ASSOCIATION, INC.; RIVIERA ISLES MASTER ASSOCIATION, INC; UNITED STATES OF AMERICA** and any unknown heirs, devisees, grantees, creditors, and other unknown persons or unknown spouses claiming by, through and under any of the above-named Defendants, and all persons claiming any interest since the filing of the Lis Pendens on the following real property:

    LOT 11, BLOCK 6, OF RIVIERA ISLES I, ACCORDING TO
    THE PLAT THEREOF, RECORDED IN PLAT BOOK 167,

CASE NO: CACE13021231

PAGE 28, PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.

4) From the Affidavits in the file and the uncontested allegations of the Complaint, the correct legal description of the property is as shown hereinabove. Plaintiff has a lien upon the real estate hereinafter described and such lien and security interests are prior, paramount and superior to the right, title, interest, claims, liens, encumbrances and equities of all Defendants and all persons claiming any interest since the filing of the Lis Pendens in the property described above.

**THIS JUDGMENT IS AGAINST CARLOS F. JUSTO and IVETTE JUSTO A/K/A YVETTE JUSTO; AS RECORD TITLE OWNERS TO THE REAL PROPERTY HEREIN DESCRIBED.** All other Defendants' interests are in the form of inferior liens to Plaintiff's Note and Mortgage. As such said liens are extinguished subject to any statutory right of redemption as outlined further in this Final Judgment.

5) There is now due and owing to Plaintiff under the note and mortgage sued upon herein, the following sums of money, to-wit:

| | | | |
|---|---|---|---|
| **Principal Balance Due** | | | $992,895.11 |
| Interest on the Note and Mortgage from 02/01/11 to 09/22/15 Per Diem of $79.71 at 3.125% | | | $139,638.57 |
| **ESCROW ADVANCES** | | | $78,535.11 |
| **County Taxes** | | $25,808.34 | |
| Tax Year 2012 | County Tax Pmt | $8,135.38 | |
| Tax Year 2013 | County Tax Pmt | $8,483.03 | |
| Tax Year 2014 | County Tax Pmt | $9,189.93 | |
| **Hazard and/or Flood Insurance** | | $52,726.77 | |
| Tax Year 2012 | Hazard Ins Pmt | $2,301.75 | |
| Tax Year 2012 | Flood Ins Pmt | $15,618.14 | |
| Tax Year 2013 | Flood Ins Pmt | $2,301.75 | |
| Tax Year 2013 | Hazard Ins Pmt | $15,618.14 | |
| Tax Year 2014 | Hazard Ins Pmt | $12,995.30 | |
| Tax Year 2014 | Flood Ins Pmt | $1,188.05 | |
| Tax Year 2015 | Hazard Ins Pmt | $2,703.64 | |
| **Recoverable Fees** | | | $330.00 |
| 03/10/14 | Property Inspection | $15.00 | |
| 04/04/14 | Property Inspection | $15.00 | |
| 05/16/14 | Preservation | $177.00 | |
| 07/09/14 | Property Inspection | $1.50 | |
| 07/18/14 | Property Inspection | $1.50 | |
| 08/22/14 | Property Inspection | $12.00 | |
| 09/24/14 | Property Inspection | $12.00 | |
| 10/29/14 | Property Inspection | $12.00 | |
| 12/01/14 | Property Inspection | $12.00 | |
| 12/22/14 | Property Inspection | $12.00 | |

LLS03316-Justo, Carlos | 5058 SW 170th Avenue

CASE NO: CACE13021231

| | | | | |
|---|---|---|---|---|
| 01/28/15 | Property Inspection | $12.00 | | |
| 03/02/15 | Property Inspection | $12.00 | | |
| 03/30/15 | Property Inspection | $12.00 | | |
| 04/28/15 | Property Inspection | $12.00 | | |
| 05/21/15 | Property Inspection | $12.00 | | |
| **SUBTOTAL** | | | | $1,211,398.79 |
| Attorney's fees (Does not exceed 3% of the unpaid principal due, and therefore presumed reasonable under Fla. Stat. § 702.10 (1)(c)) | | | | $8,652.25 |
| | | | | |
| **TOTAL DUE** | | | | $1,220,051.04 |

6) **ADDITIONAL COSTS & ADVANCES:**

    6.1. Any third party bidder is responsible for paying the Registry Fee and Documentary Stamps. The Clerk shall compute the Registry Fee and Documentary Stamps and collect said amounts from the third party bidder. Also, additional advances made by Plaintiff such as real estate taxes, insurance, and superior mortgagee payments may be added upon filing of an affidavit listing them upon further order of the Court. Any such amount will be added to the total bid.

    6.2. Additionally, the total sum due Plaintiff shall include publication of Notice of Sale costs, interest at the legal rate per Sect. 55.03, F.S.(1994), from the date of this Final Judgment to the date of sale. Said interest shall be applied in accordance with paragraph 5 above.

7) **CLERK'S SALE:**

    <u>DIRECTIONS TO SELL</u>: Unless the Defendants shall, at any time prior to the sale of the real estate and other property and fixtures heretofore described, pay to the Plaintiff or its attorneys, the total sums found to be due Plaintiff, then said property shall be sold by the Clerk of the Court to the highest bidder for cash at public sale, free and clear of all right, title, interest, claim, lien, encumbrance, remainder, reversion, homestead, dower or equity of redemption whatsoever of the Defendants named herein, and all persons, firms or corporations claiming interest in said property subsequent to the filing of the Notice of Lis Pendens. If subsequent to the date of Plaintiff's Affidavit of Indebtedness and prior to the foreclosure sale, Plaintiff shall be required to advance any monies to protect its mortgage lien, then Plaintiff or its attorneys shall so certify to the Clerk of this Court, and the amount found due to Plaintiff shall be increased by the amount of such advances upon further order of the Court.

    7.1. <u>DATE</u>: In accordance with the Consent Judgment Agreement, the sale date for the subject property will be no sooner than **January 22, 2016.** Said sale shall be held online at **https://www.broward.realforeclose.com** at **10:00 a.m. in accordance with Chapter 45 Florida Statutes, on** _FEBRUARY 23_, 20_16_, after the publication of notice thereof as required by Section 45.031 of the Florida Statutes, and promptly after

LLS03316-Justo, Carlos | 5058 SW 170th Avenue

CASE NO: CACE13021231

such sale the Clerk shall complete and file a Certificate of Sale. If Plaintiff is the successful bidder at foreclosure sale it has the right to assign its bid by filing an Assignment of Bid form naming the party to which the bid has been assigned. The Clerk of the Circuit Court is to issue the Certificate of Title in accordance with Plaintiff's Assignment of Bid without further order of Court.

7.2. <u>PLAINTIFF'S BID RIGHTS</u>: Plaintiff is hereby given leave to bid at said sale and to apply against any bid made by it the amount found to be due Plaintiff in this Final Judgment. Section 45.031(2) F.S. requires that the high bidder post with the Clerk a deposit equal to five percent of the final bid. However, if the Plaintiff or its assignee is the successful bidder, they are excluded from the deposit requirement. In the event that the successful bidder fails to place the requisite deposit in accordance with Florida Statutes with the Clerk, said bid is void. Additionally, if the final payment is not made within the prescribed period, the clerk shall re-advertise the sale and pay all costs of the sale from the deposit in accordance with Florida Statutes. Any remaining funds shall be applied toward the judgment.

7.3. CLERK'S DISBURSEMENT: Out of the proceeds arising from the sale, the Clerk shall retain their fee. From the remainder of the proceeds, as far as they shall apply in satisfying the Plaintiff's remaining sum due, they are to send their check to Lender Legal Services, LLC, 201 East Pine Street, Suite 730, Orlando, Florida 32801, and payable to Plaintiff.

7.4. <u>SURPLUS FUNDS</u>: **If this property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to this Final Judgment.** If said real property and other property shall sell for more than enough to pay Plaintiff all sums due it, then the Clerk shall report any surplus proceeds to this Court. The Clerk of Court shall hold the surplus in the Registry of this Court. Thereafter, upon motion and notice of hearing to all parties, even those defaulted, the Court will adjudicate the rights thereto according to law and equity. <u>GENERAL BANK v. WESTBROOK POINTE, INC.</u>, 548 So.2d 736, (Fla. 3rd DCA 1989).

**Subordinate lienholders claiming a right to funds remaining after the sale, must file a claim with the clerk no later than 60 days after the sale. If a subordinate lienholder fails to file a claim, said lienholder will not be entitled to any remaining funds.**

**If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the clerk of the court, Howard C. Forman, Broward County Clerk of Court, Attn: Circuit Civil Division, 201 S.E. 6th Street, Fort Lauderdale, Florida 33301, within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the clerk has in the registry of the court.**

LLS03316-Justo, Carlos | 5058 SW 170th Avenue

4

CASE NO: CACE13021231

> If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact Legal Aid Service of Broward County, Inc. at (954) 765-8950 to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact Legal Aid Service of Broward County, Inc. for assistance, you should do so as soon as possible after receipt of this notice.

7.5. PRESENCE OF PLAINTIFF AT SALE: The said sale shall not take place unless a representative of the Plaintiff is present. If there is no representative, then the sale shall be cancelled by the Clerk. The Plaintiff's attorney shall secure a new sale date. If a sale shall take place, it shall be null and void and no documents shall be issued by the Clerk, except to inform this Court of what may have occurred.

7.6. <u>RIGHT OF REDEMPTION</u>: On filing the certificate of sale, defendants and all persons claiming under or against defendants since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as otherwise stated in this Judgment or as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any.

8) **TITLE TO SUCCESSFUL BIDDER:**

If no objections to said sale are filed in this proceeding within ten days from the filing of the Certificate of Sale, the Clerk shall forthwith complete and file a Certificate of Title as prescribed by law, after which the sale of the real estate and other property and fixtures shall stand confirmed as certified by the Clerk. Title shall pass fully and completely to the purchaser named in the Certificate of Title free and clear of any right, title, interest, estate, claim or other equity of the Defendants or any person claiming by, through or under them or any person claiming any interest in said real estate or other property and fixtures herein ordered to be sold shall stand confirmed as certified by the Clerk. Title to the real estate and other properties sold shall pass fully and completely to the purchaser named in the Certificate of Title, free and clear of any right, title, interest estate, claim or other equity of the Defendants or any person claiming by, through or under them or any person claiming any interest in said real estate or other property and fixtures since the filing of the Notice of Lis Pendens herein. Plaintiff if successor bidder at the foreclosure sale, may assign its Bid by filing a Notice of Assignment and the Clerk of the Court shall issue the Certificate of Title to said assignee without further Order of Court.

> 8.1. <u>CERTIFICATE OF TITLE:</u> On filing the Certificate of Title the defendants in this action as mentioned above and all persons claiming under or against said defendants since the filing of the Lis Pendens shall be foreclosed of all estate or claim in the real property and the purchaser at the sale shall be let into possession of the property, subject to the provisions of the "Protecting Tenant at Foreclosure Act of 2009."

LLS03316-Justo, Carlos | 5058 SW 170th Avenue

CASE NO: CACE13021231

9) **WRITS OF POSSESSION ISSUANCE:**

If the Plaintiff is the purchaser at the sale, Plaintiff, its heirs, representatives, successors or assigns shall be placed in immediate possession of the aforedescribed premises. In the event the defendants fail to vacate said premises within ten days of the date of the foreclosure sale as provided above, the Clerk of the Court is directed to issue a Writ of Possession to the Plaintiff forthwith and upon further Order from this Court for the premises located at **5058 SW 170th Avenue, Miramar, Florida.**

10) **COMPLIANCE WITH FLORIDA STATUTES CHAPTER 55:**

Pursuant to Florida Statutes Chapter 55 the following is the address of the Plaintiff:

9990 Richmond Ave., Suite 400
Houston, Texas 77042

11) **RETENTION OF JURISDICTION:**

This Court retains jurisdiction for the purpose of making any further orders and judgments as may be necessary and appropriate herein.

**DONE AND ORDERED** in Chambers at Broward County, Florida this SEP 2 2 2015 day of September, 2015.

_____
Circuit Judge

BARRY J. STONE
SEP 2 2 2015
TRUE COPY

LLS03316-Justo, Carlos | 5058 SW 170th Avenue

6

CASE NO: CACE13021231

Copies Furnished to:

Colby Burt, Esq.
Lender Legal Services, LLC
201 East Pine Street, Suite 730
Orlando, Florida 32801
Attorney for Plaintiff

E. Joseph Ryan, Jr., Esq.
E. Joseph Ryan, Jr., P.A.
18671 Collins Ave, Apt. 504
Sunny Isles Beach, Florida 33160
ryanlaw@the-beach.net
Attorney for Carlos F. Justo and Ivette Justo

Shantrell L. Lewis, Esq.
150 South Pine Island Road, Suite 540
Fort Lauderdale, Florida 33324
mtgfcl@assoc-law.com
Attorney for Venezia Homeowners Association, Inc.

Riviera Isles Master Association, Inc.,
C/o Kaye & Bender, P.L., R.A.,
1200 Park Central Boulevard South
Pompano Beach, Florida 33064

United States of America,
C/o U.S. Attorney's Office
99 Northeast 4th Street, 13th Floor
Miami, Florida 33132